IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERS OIL, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BP AMERICA PRODUCTION COMPANY, and<br>NEWFIELD EXPLORATION MID-CONTINENT, INC.,<br><br>        Defendants. | Case No. CIV-13-340-RAW |

## ORDER

Plaintiff initially filed this action claiming damages for conversion in the District Court in and for Hughes County, Oklahoma. Defendants removed the action to this court. In a Joint Status Report, Plaintiff argues "that it is due its portion of the proceeds of production according to its leasehold interest" in the subject property "under various theories."

Before the court is the motion for partial judgment on the pleadings by Defendant BP America Production Company (hereinafter "BP") [Docket No. 24]. BP argues that Plaintiff has failed to state a claim for conversion and thus requests the court to dismiss those claims as well as any claims for punitive damages. BP states that it anticipates filing a motion for summary judgment on Plaintiff's remaining breach of contract claim at the appropriate time. Plaintiff argues that it has stated a claim for conversion and in the alternative requests leave to amend its complaint.

**THE PETITION**

The Petition alleges that "Newfield as operator has wholly failed refused (sic) to release

the oil and/or gas revenues and profits attributable to the ERS Lease and Cattle Wells." It alleges that "BP continues to claim the oil and/or gas revenues and profits attributable to the ERS Lease and Cattle Wells." It alleges that BP and Newfield "willfully and wrongfully withheld and converted" the "oil and/or gas revenues attributable to the ERS Lease and Cattle Wells." It alleges that as a result, ERS suffered damages "including but not limited to lost revenues and profits." The Petition further states that BP and Newfield "should be required to account to ERS for the oil and/or gas revenues attributable to the ERS Lease and Cattle Wells."

**MOTION TO DISMISS**

A motion for judgment on the pleadings is evaluated under the same standards as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Park Univ. Enters., Inc. v. American Cas. Co. of Reading, PA, 442 F.3d 1239, 1244 (10th Cir. 2006). The court accepts as true all of the well-pleaded factual allegations in Plaintiff's Petition and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Tenth Circuit has stated that the Twombly / Iqbal standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or formulaic recitation of the elements of a cause of action, which . . . will not do." Burnett v. Mortgage Elec. Registration Sys., Inc. 706 F.3d 1231, 1235-

36 (10th Cir. 2013). (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)) (emphasis added).  The Circuit further concluded: "In other words, Rule 8(a)(2) still lives.  Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."  Id.

This court has often noted that Rule 15 also still lives.  Rule 15 authorizes a plaintiff to amend with the court's leave, which the court freely gives when justice so requires.  When a complaint fails to adequately notice a defendant of "what the claim is and the grounds upon which it rests" or otherwise does not meet the Twombly / Iqbal requirements, justice generally requires the court to give the plaintiff leave to amend at least once.

BP argues that Plaintiff has failed to state a claim for conversion, as money cannot be converted and "[c]onversion does not lie for a debt."  Chaparral Energy, L.L.C. v. Pioneer Exploration, Ltd., 241 P.3d 1161, 1164 (10th Cir. 2010).  Plaintiff argues that it has stated a claim for conversion, as oil and gas is tangible personal property.  Plaintiff is partially correct. "After oil or gas is produced, it is tangible personal property and is subject to conversion."  Id.

> However, under the common law in Oklahoma, working interest owners in an oil or gas well are tenants in common.  Each cotenant has the right to develop the property and market production, subject only to the duty to account to other cotenants.  Therefore, under ordinary circumstances, the sale of gas to a purchaser by a cotenant without the consent of other cotenants is lawful and does not constitute conversion on the part of either working interest cotenant or the purchaser.

Id.

Plaintiff argues that BP is a working interest owner and that a portion of the oil and/or gas was sold to purchasers and a portion was retained by BP in kind.  Plaintiff may have a claim for conversion for the portion of oil and/or gas allegedly retained by BP, but this is not clear from the Petition.  Moreover, Plaintiff hints in the Joint Status Report and in its response to the motion to

3

dismiss about other theories.

The court will not dismiss the conversion claim at this time, but instead affords Plaintiff an opportunity to amend its complaint. Plaintiff may file an amended complaint no later than February 21, 2014, to attempt ratification of the deficiencies in its conversion claim and to include any other theories of liability.

**CONCLUSION**

Accordingly, BP's motion for partial judgment on the pleadings [Docket No. 24] is hereby DENIED. Plaintiff may file an amended complaint no later than February 21, 2014. If Plaintiff fails to file an amended complaint by that date, the court may revisit *sua sponte* its ruling on the motion to dismiss.

IT IS SO ORDERED this 5th day of February, 2014.

**Dated this 5th day of February, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma